In the Matter of the Liquidation of LAWYERS TITLE AND GUARANTY COMPANY.*

In the Matter of the Application of LUCILLE LEMBERG and Others.

GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Appellant; SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Liquidator of Lawyers Title and Guaranty Company, and Others, Respondents.

First Department, June 24, 1938.

*Raphael H. Weissman,* attorney for the appellant Globe and Rutgers Fire Insurance Company.

*D. William Leider,* attorney for the respondent Louis H. Pink, Superintendent of Insurance of the State of New York, as liquidator of Lawyers Title and Guaranty Company.

*Jacob L. Holtzmann* of counsel [*Marvin M. Notkins* with him on the brief], for the respondent Mortgage Commission of the State of New York.

* Revg. 165 Misc. 776.

*Abraham N. Geller* of counsel [*Bernard A. Saslow* and *Robert B. Block* with him on the brief], for respondents Lucille Lemberg and others, petitioning creditors.

*Simon H. Rifkind* of counsel [*Leon Leighton* and *Joseph L. Maged* with him on the brief; *Leon Leighton* and *Thomas Keogh*, attorneys], for Trustees of A. Schrader's Sons, and others and for Louis A. Green and others, certificate holders of Lawyers Title and Guaranty Company.

*Maurice J. Dix* of counsel [*Pollock & Nemerov*, attorneys], for A. & S. Duff and others, certificate holders, respondents, arguing for reversal.

MARTIN, P. J.   The order appealed from denies a motion to vacate an order appointing a referee to take proof as to the fairness and equitableness of a plan of liquidation and reorganization of the Lawyers Title and Guaranty Company proposed by certain creditors and any other plans which might be submitted to him, together with any suggested modifications or amendments, and directing that the expenses thereof be charged against the assets of the company in liquidation.   The court at Special Term undertook to decide the motion to vacate on the merits, thus eliminating the question of waiver of rights on the part of the appellant.

Lawyers Title and Guaranty Company was placed in liquidation on January 21, 1936, pursuant to article 11 of the Insurance Law. Since 1909 liquidation of insurance companies has been and is now exclusively the duty of the Superintendent of Insurance.   Because the system of liquidation by receivers " had proved to be dilatory and wasteful " (*Matter of Casualty Co. of America* [*Rubin Claim*], 244 N. Y. 443), section 63 of the Insurance Law was enacted in 1909 " to provide for an economical liquidation of insolvent insurance companies through the agency of a State department, and to prevent the waste of assets which theretofore had been occasioned through receiverships." (*Matter of Knickerbocker Life Ins. Co.*, 199 App. Div. 503; appeal dismissed, 233 N. Y. 604.)   The provisions of the Insurance Law with reference to liquidation by the Superintendent are exclusive in their operation and furnish a complete procedure for the protection of the rights of all parties interested. (*Matter of Second Russian Ins. Co.* [*Hamburg Ins. Co.*]. 219 App. Div. 46; appeal dismissed, 244 N. Y. 606.)

It is asserted by appellant that the motion made by creditors resulting in the order appointing a referee was designed to transfer the liquidation of the Lawyers Title and Guaranty Company to trustees to be appointed by the court.

The Superintendent of Insurance says he opposed the motion when it was made at Special Term. He now sets forth in the brief submitted on this appeal the position which he says he took on the argument of the motion, which position is now restated in the following language:

" Both at the hearing on May 20, 1937, of the original application upon which the order of August 30, 1937, was made and at the hearing on November 3, 1937, at which the motion which resulted in the order being appealed from was argued, the position of the Superintendent of Insurance with respect to the question of the power and jurisdiction of the Supreme Court to make the order of August 30, 1937, was made clear in a written statement of the Superintendent read at the hearing on May 20, 1937, as well as in the oral argument made by counsel for the Superintendent at both hearings. The statement of the Superintendent of Insurance clearly sets forth that:

" 1. The only possible purpose of the proposed reorganization was to transfer control of the liquidation from the Superintendent of Insurance to the hands of a private group;

" 2. So far as the Superintendent of Insurance had been able to learn, there had been no demand from any large number of creditors that this be done.

" 3. The Superintendent of Insurance is the statutory liquidator and it is the policy of the State of New York that insurance companies be liquidated by him;

" 4. The Superintendent of Insurance has repeatedly declared that if a substantial majority of the creditors, with full knowledge of the situation, desired so to transfer his function of liquidation, he would not oppose that desire, but there was no indication that any substantial number of creditors were in favor of so doing;

" 5. In the absence of any demand from a substantial number of creditors for such transfer and in the light of the size of the liquid assets of the Company, it seemed to be a needless expense to creditors to have a referee appointed, certainly before the plan was further developed and the desires of the creditors ascertained."

The proposed plan provided for the transfer of the assets of the corporation in liquidation to two corporations to be organized, one an operating company, which would hold the stock of a subsidiary title insurance company, and the other a realization company, which would take over the remaining assets. Control of the operating company was to vest in five trustees, and three trustees would control the realization company. The trustees were to be appointed by the court, and it was contemplated that it might be

necessary to continue the trustee plan for ten years. The formation of the two corporations would necessitate the election of officers, appointment of executives, and employment of necessary clerical staff. Obviously, such a course would involve the setting up of a system similar to the old receiverships which proved dilatory and wasteful, with extravagant demands for commissions and counsel fees, which compelled the enactment of the law of 1909 placing liquidation in the hands of the State Superintendent of Insurance. Aside from the question of the cost of the plan, it calls for the substitution of the judgment of the trustees for that of the State Superintendent of Insurance. This is not avoided by the contention that each step in the plan is to be effected by the voluntary action of the Superintendent or with his consent. Such a course would result in a wasteful duplication of work.

The Superintendent may not be compelled to surrender his trust created by statute. The responsibility for the liquidation is that of the Superintendent of Insurance. He may ask the help of the court in solving the problems which arise from time to time but all propositions for the liquidation of the corporation must be approved by him. The broad powers lodged in the Superintendent carry with them the grave responsibility of liquidating these companies in a proper manner. There is nothing to prevent the Superintendent himself from negotiating with parties interested for the formulation of an appropriate plan of liquidation, and, when he has decided upon such plan, it may be submitted for the approval or disapproval of the court.

This court has recently held that when considering the sale of the assets of a company in liquidation the court may not substitute its judgment for that of the Superintendent. (*Matter of National Surety Co.*, 248 App. Div. 111; affd., 272 N. Y. 613.)

We are not presently concerned with the question of what is appropriate so far as a company in rehabilitation is concerned. Subdivision 2 of section 402 of the Insurance Law is sufficient to differentiate rehabilitation from liquidation.

A cursory examination of the proposed plan of liquidation and reorganization is sufficient to make it clear that it is so far outside the contemplation of the Insurance Law that a reference to pass upon its fairness and equitableness is unnecessary.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to vacate the order of reference granted.

TOWNLEY and UNTERMYER, JJ., concur; O'MALLEY and GLENNON, JJ., dissent and vote for affirmance.

O'MALLEY, J. (dissenting).  In the circumstances here disclosed the order of reference should not be vacated.  The Superintendent of Insurance has at no time objected to the jurisdiction and on the original motion at Special Term conceded the right of the court to act, reserving merely his right to reject, approve or disapprove of any ultimate action to be taken.

The appellant is a stockholder, not a creditor, of the company in liquidation.  It appeared by counsel on the original application and made no objection to the granting of the relief and took no appeal from the order entered.  This motion to vacate from the denial of which it now appeals was made long after the time to appeal from the original order had expired.  In this connection the learned justice at Special Term said: " It [the appellant] must, therefore, * * *  be deemed to have waived any right which it might otherwise have had to question the validity of the order.  Although the motion could accordingly be denied on this ground, the court prefers to decide the application upon the merits instead of disposing of it on technical considerations."

This court, however, has the technical question before it.  It is well settled that the time within which an appeal may be taken may not be enlarged, particularly after the expiration thereof, by a motion made to vacate the order.

The Superintendent of Insurance has not formulated even as yet any plan for the sale or other disposition of the assets.  He is a party to the reference and may join in suggestions, and, in addition gain the benefit of the views of creditors and others particularly interested in the disposition of the assets.  The Superintendent under his reservation of rights may still accept or reject any plan that may be formulated.

The claim of unlawful delegation of power raised here was likewise raised, but overruled, in an action involving the Superintendent of Banks with respect to proceeding under section 69■ of the Banking Law, a statute similar to section 421 of the Insurance Law, here involved.  (*Broderick* v. *Betco Corporation*, 149 Misc. 245; affd., 244 App. Div. 710; 269 N. Y. 642.)

In case the plan formulated under the reference is not adopted, the expenses are reduced to a minimum as the order provides there is to be no allowance for counsel fees, but only an allowance for the reference itself.  Moreover, as stated on the argument, the reference has been practically completed.

Because the appellant has no standing by reason of not having appealed from the order sought to be vacated, and also upon the

merits, the order appealed from refusing to vacate the order of reference should be affirmed.

GLENNON, J., concurs.

Order reversed, with twenty dollars costs and disbursements, and motion to vacate order of reference granted.