4 N.Y.2d 245 (1958)
In the Matter of the Arbitration between Knickerbocker Agency, Inc., et al., Appellants, and Leffert Holz, Superintendent of Insurance of the State of New York, as Liquidator of the Preferred Accident Insurance Company of New York, Respondent.
Court of Appeals of the State of New York.
Argued January 17, 1958.
Decided April 3, 1958.
Maxwell H. Goldstein for appellants.
Irvin Waldman and Alfred C. Bennett for respondent.
Judges FULD, FROESSEL, VAN VOORHIS and BURKE concur with Chief Judge CONWAY; Judge DESMOND dissents in an opinion in which Judge DYE concurs.
*248 Chief Judge CONWAY.
The question here to be determined is whether petitioners, residents of this State and alleged debtors of a domestic insurance company in liquidation, may insist on having their dispute with the company determined by arbitration as provided for in a contract between the company and petitioners, or whether the Supreme Court is the exclusive forum for the resolution of the controversy.
Prior to April 30, 1951 the Preferred Accident Insurance Company was a casualty insurance corporation organized under the Insurance Law of the State of New York. On January 26, 1950 Preferred entered into a written agreement with the petitioners under which they were appointed insurance agents of Preferred and their compensation fixed at certain rates of commission therein specified, deductible by the agents at the time of the remission of premiums for policies written. It was agreed therein that "the agent shall refund ratably to the Company, on business heretofore or hereafter written, the fee and commissions on canceled liability and on reductions in premiums at the same rate which such fee or commissions were originally retained".
The contract also provided that "All controversies and disputes arising out of or relating to this agreement or the subject matter thereof shall be submitted to arbitration".
On April 30, 1951, by order of the Supreme Court, New York County, in a proceeding instituted by the Superintendent of Insurance of the State of New York pursuant to article XVI of the Insurance Law, Preferred was placed in liquidation. Under the order of liquidation, the Superintendent of Insurance was "authorized and directed forthwith to take possession of the property and liquidate the business and affairs" of Preferred; the Superintendent of Insurance was "vested with title to all of the property, contracts and rights of action of said Company"; *249 October 31, 1951 was fixed as the last day for the filing of claims; all policies and contracts were cancelled; the further transaction of business was enjoined and restrained; "the officers, directors, stockholders, policyholders, servants, agents, employees and creditors of [Preferred were] * * * enjoined and restrained from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against the said Company or its estate, or the Superintendent of Insurance * * * as Liquidator thereof"; and the corporate charter of Preferred was forfeited and annulled, and the corporation was dissolved.
On June 22, 1951, by order of the same court, Preferred was adjudged to be insolvent as of the date of the order of liquidation, namely, April 30, 1951.
On or about May 18, 1956 the Superintendent of Insurance, as liquidator of Preferred, instituted an action in the Supreme Court, New York County, against the petitioners to recover the sum of $5,818.35, that being, allegedly, the unearned commissions required to be paid by petitioners on cancelled liability under the agency contract of January 26, 1950. Petitioners interposed an answer containing a defense that the controversy should be submitted to arbitration in pursuance of the contract. Subsequently, petitioners instituted a special proceeding requiring the Superintendent of Insurance, as liquidator of Preferred, to show cause why he should not be compelled to submit to arbitration, and why the action instituted by him against the petitioners should not be stayed until such arbitration was had. By way of defense, the Superintendent of Insurance alleged that the order of liquidation enjoined petitioners from bringing such a proceeding.
Special Term directed the Superintendent to proceed to arbitration and stayed his action against petitioners until such arbitration be had. The Appellate Division has reversed upon the ground that the Legislature vested exclusive jurisdiction over all claims involving an insolvent insurer in one body  the Supreme Court.
On this appeal, petitioners contend that the Superintendent of Insurance, in the prosecution of a claim against an alleged debtor of an insurance company in liquidation, as distinguished from the prosecution of a claim by a creditor of an insurance company in liquidation against the Superintendent of Insurance, *250 stands in the shoes of the insurance company and, therefore, may not disregard a contractual provision requiring the submission of any controversy to arbitration. The basis for petitioners' argument is that, while, with respect to the prosecution of a claim by a creditor against an insurance company in liquidation, the Legislature has, through article XVI of the Insurance Law, conferred exclusive jurisdiction upon the Supreme Court, there is no such exclusivity of jurisdiction where the Superintendent of Insurance, as liquidator, prosecutes a claim against an alleged debtor of the insurance company in liquidation.
We find no merit in petitioners' contention.
Article XVI of the Insurance Law (§§ 510-546), insofar as it relates to the liquidation of insolvent insurance companies, is intended to and does furnish a "comprehensive, economical, and efficient method for the winding up of the affairs" of such insurance companies by the Superintendent of Insurance (Motlow v. Southern Holding & Securities Corp., 95 F.2d 721, 724). Those provisions of the Insurance Law "are exclusive in their operation and furnish a complete procedure for the protection of the rights of all parties interested" (Matter of Lawyers Tit. & Guar. Co., 254 App. Div. 491, 492). When an insurance company is, or may become, insolvent, the Superintendent of Insurance may, under article XVI, apply to the Supreme Court for an order of liquidation (Insurance Law, §§ 513, 526). Under the order of liquidation, the Superintendent of Insurance is vested by operation of law "with the title to all of the property, contracts and rights of action" of the defunct insurance company (Insurance Law, § 514). The Supreme Court, in the liquidation proceeding, must take cognizance of the interests of the policyholders, creditors, stockholders, and the public (Insurance Law, § 526), and it may issue such orders "as may be deemed necessary to prevent interference with the superintendent or the proceeding, or waste of the assets of the insurer" (Insurance Law, § 528). Clearly does the plan emerge that the Supreme Court, with the agency of the Superintendent of Insurance, was intended to have exclusive jurisdiction of claims both for and against an insurance company in liquidation.
*251 It is quite true that Preferred and the petitioners had a right to incorporate, as they did, a provision in their contract requiring the submission of any controversy to arbitration. That is, if they desired arbitration as a "prompt, economical and adequate solution" to any controversy that might arise, and were willing to accept "less certainty of legally correct adjustment", they were free to do so (Wilko v. Swan, 346 U. S. 427, 438). As between Preferred and petitioners, arbitration could have been compelled. With the onset of Preferred's insolvency and liquidation, however, the rights of creditors, indeed, the interests of policyholders, stockholders and the public, intervened (cf. Bank of United States v. Braveman, 259 N.Y. 65, 70). It was at that time that the provisions of article XVI of the Insurance Law came into operation, and it was at that time that the contractual provision relating to arbitration became of no effect (cf. O'Neil v. Burnett, 263 Pa. 216, 220). Certainly, such a consequence should have been envisaged by petitioners for, when petitioners entered into their contract with Preferred, they must be deemed to have done so with knowledge of the provisions of article XVI, and, hence, those provisions "must be deemed to have permeated the agreement, and constituted elements of the obligation" (People v. Globe Mut. Life Ins. Co., 91 N.Y. 174, 179).
While it is true that the Superintendent of Insurance, as statutory liquidator, "for all practical purposes takes the place of the insolvent insurer" (Bohlinger v. Zanger, 306 N.Y. 228, 234), and would thus seem to be subject to the contractual provision requiring arbitration, as Preferred would have been, it may nevertheless be fairly said that the Legislature never contemplated turning over liquidation proceedings, and incidental actions and proceedings, to private arbitrators to administer. In the words of Judge VAN VOORHIS, when writing for the Appellate Division in Matter of Kingswood Management Corp. (Salzman) (272 App. Div. 328, 331), which involved a suit under the Emergency Price Control Act: "It was not intended without express statutory authorization that arbitrators, who are private individuals, who are subject to selection by the parties themselves * * * and who are charged with the execution of no public trust, should determine these matters." (Emphasis supplied.) Further, by way of analogy, *252 the jurisdiction of the Federal District Courts in bankruptcy is exclusive and cannot be surrendered except that arbitration is permissible in certain instances only, however, because express statutory authorization therefor is found in the Bankruptcy Act itself (U. S. Code, tit. 11, § 49).
It is the Supreme Court, upon the institution of suit by the Superintendent of Insurance (Insurance Law, § 513), which has exclusive jurisdiction of a liquidation proceeding (Insurance Law, § 526). All persons who may have claims against the insolvent insurance company must, in order to share in the assets of such defunct insurance company, file their claims within a specified time in the liquidation proceeding (Insurance Law, § 543). Thereupon, upon the recommendation of the Superintendent of Insurance, the Supreme Court "shall direct the manner in which payments and dividends to creditors shall be made" (Insurance Law, § 545). Hence it is clear that, and so the petitioners concede, as to claims against the insurance company in liquidation, the Supreme Court has exclusive jurisdiction. While, with respect to claims of the insurance company in liquidation against alleged debtors, there is no express statutory provision requiring the Superintendent of Insurance, as liquidator, to prosecute such claims in the Supreme Court only, it would seem, in keeping with the overall scheme and plan of article XVI of the Insurance Law, and in view of the fact that article XVI contains no statutory authorization for arbitration, that that court may not be ousted of jurisdiction in favor of an arbitrative tribunal. In speaking of the statutes of New York relating to the liquidation of insolvent insurance companies, the court, in Motlow v. Southern Holding & Securities Corp. (95 F.2d 721, 725-726, supra), declared: "Experience has demonstrated that, in order to secure an economical, efficient, and orderly liquidation and distribution of the assets of an insolvent corporation for the benefit of all creditors and stockholders, it is essential that the title, custody, and control of the assets be intrusted to a single management under the supervision of one court. Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation. This should be particularly true as to proceedings for the liquidation of insolvent insurance companies. * * *" Since, *253 therefore, another court should not be permitted to interfere with the jurisdiction of the court in which the liquidation proceeding is pending, a fortiori, an arbitrative tribunal may not interfere with the exercise of such jurisdiction.
Whether a claim be asserted for or against an insolvent insurance company in liquidation, the dominant purpose of article XVI of the Insurance Law is the preservation and enhancement of that company's assets to the end that the interests of all its creditors, policyholders, stockholders and the public will be subserved. It is petitioners' contention, in keeping with that dominant purpose, that there is no basis for the belief that the claim of the Superintendent of Insurance would fare better in a suit at law than in an arbitration forum. Plainly, that cannot be answered in advance of the event. It would be purely a matter of conjecture and speculation as to which course of action would prove to be the more fruitful. In any event, the Legislature, in its wisdom, has seen fit to withhold the requisite statutory authorization for arbitration in controversies where one of the parties is an insurance company in liquidation. Perhaps, the considerations which prompted the Legislature's action were, as indicated in Bernhardt v. Polygraphic Co. (350 U. S. 198, 203): "The change from a court of law to an arbitration panel may make a radical difference in ultimate result. * * * Arbitrators do not have the benefit of judicial instruction on the law; they need not give their reasons for their results; the record of their proceedings is not as complete as it is in a court trial; and judicial review of an award is more limited than judicial review of a trial * * *."
Petitioners point to the existence of the Federal Bankruptcy Statute (U. S. Code, tit. 11, § 49) as indicating "plain recognition that the Congress regarded arbitration as a helpful means of expediting the administration of estates in bankruptcy." That Congress, by making express provision for arbitration in the Bankruptcy Act, in certain instances, may have regarded arbitration as helpful, is not of moment here. The plain fact is that our Legislature, in enacting article XVI of the Insurance Law, relating to, inter alia, the liquidation of insolvent insurance companies, saw fit to withhold the requisite statutory authorization for arbitration. Such a withholding of permission *254 by our Legislature, in the light of Congress' express grant of authorization in bankruptcy matters, serves to aptly point up the fact that the arbitration forum was never intended by our Legislature to supersede the Supreme Court in proceedings affecting insolvent insurance companies in liquidation.
Finally, petitioners contend that Federal constitutional guarantees would preclude the Legislature from granting to the courts of this State exclusive jurisdiction over claims of an insurance company in liquidation against nonresidents. Further, petitioners argue, if an action were maintained in the State where a nonresident resides, so as to obtain an effective in personam judgment, the law of that State would, in most instances, determine the validity of a contract containing an arbitration provision. Petitioners conclude that, assuming a given sister State gives effect to the arbitration provision, our State's refusal to give it like effect would, as to residents of our State, be discriminatory. Plainly, we cannot foresee, and, in any event, we cannot control, what disposition would be made by the courts of sister States  assuming that they had jurisdiction of the parties and subject matter  of arbitration provisions in suits there between nonresidents of New York and insolvent insurance companies in liquidation. Their disposition of such cases would be their own concern, and, in no event, would their determinations be controlling upon us. There is, therefore, no basis for the petitioners' claim that, as to residents of New York, our refusal to honor an arbitration provision is discriminatory. Petitioners' argument that the Legislature has no power to grant to the courts of this State exclusive jurisdiction over claims of an insurance company in liquidation against nonresidents has no relevancy here. We are not here concerned with nonresidents. Both petitioners are residents of the State of New York; Preferred was an insurance corporation which was organized under the laws of the State of New York; and the Supreme Court of the State of New York had jurisdiction both over the parties and the subject matter.
The order of the Appellate Division should be affirmed, with costs.
DESMOND, J. (dissenting).
The question is: when the Superintendent of Insurance as statutory (Insurance Law, art. XVI) liquidator of an insurance company attempts to enforce by suit *255 payment of an alleged debt due the insurance company, may the alleged debtor, despite the pending liquidation proceedings, insist on having the dispute determined by arbitration as provided for in the contract between the insurer and its alleged debtor? The case is one of first impression (the Superintendent cites no pertinent authorities at all but deals entirely with relations between the liquidator and creditors, not debtors). I see nothing in any statute or decision which makes unenforcible the express agreement between this insurer and its agent-debtor that "All controversies and disputes arising out of or relating to this agreement or the subject matter thereof shall be submitted to arbitration".
The arbitration agreement was valid, enforcible and irrevocable between the original parties (Civ. Prac. Act, § 1448; Matter of Berkovitz v. Arbib & Houlberg, 230 N.Y. 261). Respondent Superintendent of Insurance, as liquidator, when prosecuting claims of the company stands in the place of the company (Bohlinger v. Zanger, 306 N.Y. 228, 234). And there is nothing in article XVI of the New York Insurance Law requiring that claims by the liquidator be determined in the liquidation proceedings. Such a requirement would be impossible and absurd since the liquidator must bring collection suits in the jurisdictions where his debtors are found, and the fact that the creditor is in liquidation has no effect on its alleged debtor's contractual rights or defenses.
The Insurance Law requires of necessity that claims against the insolvent estate be asserted in the Supreme Court liquidation proceedings (§§ 526, 543, 545) so that there may be a ratable distribution of assets to creditors according to law (see Pink v. Title Guar. & Trust Co., 274 N.Y. 167). But there is no statute, decision, or rule of necessity or public policy commanding that the claims of the insolvent insurer against outsiders be within the exclusive jurisdiction of the Supreme Court in the liquidation proceedings themselves. Such a requirement would, for instance, make it impossible for the Superintendent to proceed against nonresident debtors. The Superintendent, in bringing such suits in the courts of other States or in the Federal courts, must necessarily be governed by the procedural laws of those courts. Why should he not be similarly bound by the valid procedures agreed upon in the original contract *256 for the disposition of this controversy? And how could the simple, informal process of arbitration interfere with the orderly administration of the insolvency proceedings any more than a suit at law by the liquidator?
Article XVI of the Insurance Law is one part of our State's public policy, and article 84 of the Civil Practice Act (arbitration) is another. We should reconcile them and enforce both of them.
The commencement by appellant of the proceeding to compel arbitration should not be considered a violation of the liquidation order's prohibition against suits or proceedings against the Superintendent as liquidator. Appellant is on the defensive, not the offensive. It moved for arbitration only because and after the liquidator had brought against it a separate suit outside the liquidation proceedings.
The order of the Appellate Division should be reversed and the order of Special Term reinstated, with costs in this court and in the Appellate Division.
Order affirmed.