John E. **WASHBURN, Director of Insurance of the State of Illinois, as Rehabilitator of Optimum Insurance Company of Illinois, Petitioner,**

v.

James P. **CORCORAN, Superintendent of Insurance of the State of New York, as Liquidator of Ideal Mutual Insurance Company, Respondent.**

No. 85 Civ. 2674 (PNL).

United States District Court, S.D. New York.

Sept. 15, 1986.

---

5. *See* Exhibit C to Defendants' motion for summary judgment filed May 6, 1986.

Friedman & Koven, Chicago, Ill., Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for petitioner.

Cahill Gordon & Reindel, New York City, for respondent.

## OPINION AND ORDER

LEVAL, District Judge.

This action involves a conflict between the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (1976), and the McCarran-Ferguson Act, 15 U.S.C. § 1011, *et seq.* (1982). The action is brought by the Illinois Director of Insurance, as Rehabilitator of Optimum Insurance Company of Illinois, against the New York State Superintendent of Insurance, as Liquidator of Ideal Mutual Insurance Company. The action seeks to compel arbitration. The facts are not disputed.

Ideal and Optimum entered into a reinsurance agreement on April 1, 1980 which contained an arbitration clause. Thereafter both companies were placed in rehabilitation, and, on February 7, 1985, Ideal was placed in liquidation under Article 74 of the New York Insurance Law by order of the New York Supreme Court.

Article 74 requires the liquidator *"subject to the direction of the* [New York State Supreme] *court"* to take steps to liquidate the affairs of the company. New York Insurance Law, Article 74, § 7409(c) (McKinney 1984). The order stayed prosecution of all claims against Ideal otherwise than in the liquidation proceeding.

Pursuant to the Article 74 order, the New York Superintendent petitioned the New York Supreme Court, in the liquidation proceeding, to declare the rights under Ideal's reinsurance agreement with Optimum. The Illinois rehabilitator of Optimum neither answered the state court action nor moved to refer the suit to arbitration but instead brought this action in federal court under the Federal Arbitration Act seeking to compel arbitration of the reinsurance contract dispute. The New York liquidator moves to dismiss contending that the McCarren-Ferguson Act bars application of the Arbitration Act to this dispute. The motion is granted.

*Discussion*

The McCarran-Ferguson Act establishes an "express federal policy of noninterference in insurance matters" and a clear "[congressional mandate] that regulation of the insurance industry be left to the individual states." *Levy v. Lewis,* 635 F.2d 960, 963–964 (2d Cir.1980). The Act provides in pertinent part:

No Act of Congress shall be construed to invalidate, impair or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to

the business of insurance. (15 U.S.C. § 1012(b).)

Article 74 of the New York Insurance Law which regulates the liquidation of domestic insurance companies is a "law enacted by [a] ... State for the purpose of regulating the business of insurance." It has been construed by the highest court of New York to confer exclusive jurisdiction over the liquidation of insurance companies on the New York Supreme Court that takes charge of the liquidation, and to override and nullify arbitration agreements. *Knickerbocker Agency v. Hotz*, 4 N.Y.2d 245, 251, 173 N.Y.S.2d 602, 607, 149 N.E.2d 885, 889 (1958). An Act of Congress requiring enforcement of such an arbitration agreement would unquestionably "impair or supersede" Article 74 in that respect. The application of the Federal Arbitration Act to require arbitration in spite of the contrary command of Article 74 is therefore barred by McCarran-Ferguson.

### A. The "Business of Insurance" Test

Illinois' contention that Article 74 is not a law enacted "for the purpose of regulating the business of insurance" is untenable. The Act provides a "complex administrative and judicial system for regulating and liquidating domestic insurance companies." *Levy v. Lewis, supra* at 963. It "furnishe[s] a comprehensive, economical and efficient method for winding up of the affairs of such insurance companies by the Superintendent of Insurance.... Those provisions of the Insurance Law [Article 74] are exclusive in their operation and furnish a complete procedure for the protection of the rights of all parties interested...." *Matter of Knickerbocker Agency, Inc. v. Holz, supra* 173 N.Y.S.2d at 607, 149 N.E.2d at 889. Article 74 necessarily "involve[s] the adjustment of thousands of claims against the insurer by policyholders and those who claim under them...." *Levy v. Lewis, supra* at 963. Indeed, federal courts have long held that state laws protecting or regulating the relationship between the insurance company and the policyholder, either directly or indirectly, like laws providing for the rehabilitation,

liquidation or dissolution of insurance companies, are "laws regulating the business of insurance." *See, e.g., SEC v. National Securities, Inc., et al.*, 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969); *Levy v. Lewis, supra.*

### B. "Impaired, Invalidated or Superseded"

Article 74 requires that the liquidation of an insurance company be conducted within the jurisdiction of the New York Supreme Court. *See* §§ 7417, 7403, 7405, 7409, 7432, 7434. The highest court of New York made clear in *Knickerbocker* that this grant of jurisdiction was exclusive and further required that all proceedings in liquidation be unified under the "single management of one court" to insure economical, efficient and orderly liquidation. *Knickerbocker* 173 N.Y.S.2d at 608, 149 N.E.2d at 890 ("It is the Supreme Court, upon the institution of suit by the Superintendent of Insurance which has exclusive jurisdiction of a liquidation proceeding"). Section 7417 of the statute expressly charges the Supreme Court with the duty to protect the interests of the policyholders, creditors, stockholders and the public.

In *Knickerbocker, supra,* the Court of Appeals further ruled that, once an insurance company became insolvent and was relegated to the procedures of Article 74, its arbitration agreements became incompatible with the exclusive jurisdiction of the Supreme Court and were therefore nullified. *Knickerbocker, supra* at 607, 149 N.E.2d at 889. The court considered this result mandated by the need for unified management and by the Supreme Court's duty to protect the rights of creditors, policyholders and stockholders. The opinion expresses the view that those interests might be imperiled by the relegation of the company's disputes to arbitrators. The court therefore construed the statute as creating an exclusive jurisdiction in the Supreme Court and in nullifying otherwise valid arbitration agreements.

It is quite true that Preferred [the insurance company] and [its agents] had

a right to incorporate ... a provision in their contract requiring the submission of any controversy to arbitration ... [but] [w]ith the onset of Preferred's insolvency and liquidation, ... the rights of the creditors, ... policyholders, stockholders and the public intervened.... It was at that time that the provision of Article [74] of the Insurance Law came into operation, *it was at that time that the contractual provision relating to arbitration became of no effect.* *Knickerbocker, supra* at 607, 149 N.E.2d at 889 (emphasis added).

The Court finds that the "legislature [in enacting Article 74] never contemplated turning over liquidation proceedings, and incidental actions and proceedings, to private arbitrators to administer." *Id.* at 607, 149 N.E.2d at 889.

An arbitrative tribunal may not interfere with the exercise of [the Supreme Court's exclusive] ... jurisdiction.... The Legislature in its wisdom, has seen fit to withhold the requisite statutory authorization for arbitration in controversies where one of the parties is an insurance company in liquidation. *Id.* at 609, 149 N.E.2d at 890–91.

*See also Matter of Allcity Insurance Company,* 413 N.Y.S.2d 929, 66 A.D.2d 531 (1978) (in refusing to enforce an arbitration agreement between an insurer and insured and ordering that the dispute be resolved in rehabilitation proceedings, the court held that "nowhere in [Article 74] is there any indication that the Legislature intended to have rehabilitation effected in any forum but a *court* of law") (emphasis added); *Skandia America Reinsurance Corp. v. Schenck,* 441 F.Supp. 715, 723 n. 11 (S.D.N.Y.1977) ("These arbitration clauses do not deprive this court of jurisdiction. Once a New York insurer is placed in liquidation, it may not be compelled to arbitrate.... Indeed, the order of liquidation terminates the company's existence."). *Cf. Bernstein v. Centaur Ins. Co.,* 606 F.Supp. 98 (S.D.N.Y.1984) (suggests that *Knickerbocker* does not apply to cases not brought under Article 74 and not within the exclusive jurisdiction of the New York Supreme Court).

As the highest court of New York has ruled that arbitration is incompatible with the commands of Article 74, it necessarily follows that enforcement of a federal statute requiring arbitration would defeat this provision of the state statute.

Such an application of the Federal Arbitration Act would meet all the elements of McCarran-Ferguson. The Arbitration Act is an "Act of Congress" that does not "specifically relate[ ] to the business of insurance." Article 74 is a "law enacted by [a] ... State for the purpose of regulating the business of insurance." Enforcement of the Arbitration Act to require arbitration where it is forbidden by Article 74 and would undermine the scheme of exclusive jurisdiction established by Article 74 in the Supreme Court would "invalidate, impair or supersede" the state statute. I conclude that Congress has determined that in such an instance the Arbitration Act shall yield to the state law regulating the business of insurance.

None of the authorities cited by Illinois are to the contrary. It relies heavily on the Supreme Court's recent decision in *Dean Witter Reynolds, Inc. v. A. Lamar Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). There is no doubt that decision forcefully supports the policy of the Federal Arbitration Act to compel arbitration in enforcement of arbitration agreements. The Court ruled that federal courts were required to compel arbitration of pendant arbitrable state claims "even if the result is 'piecemeal' litigation, *at least absent a countervailing policy manifested in another federal statute." Id.* at 1243 (emphasis supplied). The underlined clause, however, shows the inapplicability of *Dean Witter* to this dispute. Here, "another federal statute" has dictated "a countervailing policy." It is the express purpose of McCarran-Ferguson to override federal statutes not expressly directed to insurance matters that would impair the autonomy of states in dealing with the regulation of insurance. This

decision is therefore wholly compatible with *Dean Witter*.

I therefore need not reach the New York Superintendent's further argument that the federal court should abstain under *Burford v. Sun Oil Company*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) or *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

The respondent's motion to dismiss the petition is granted. The clerk shall enter judgment.

SO ORDERED.