**James P. CORCORAN, Superintendent of Insurance of the State of New York, as Liquidator of the Dominion Insurance Company of America, Plaintiff,**

v.

**UNIVERSAL REINSURANCE CORPORATION, Defendant.**

No. 88 Civ. 2741 (PNL).

United States District Court, S.D. New York.

May 4, 1989.

Wilson, Elser, Moskowitz, Edelman & Dicker, Sp. Counsel, James P. Corcoran, Superintendent of Ins. of State of N.Y., as Liquidator, New York City (Herbert Dicker, Del Teague, Molly Klapper, of counsel), pro se.

Skadden, Arps, Slate, Meagher & Flom, New York City (Edward J. Yodowitz, Richard D. Marshall, Loring I. Fenton, of counsel), for defendant.

## OPINION AND ORDER

LEVAL, District Judge.

Plaintiff, James Corcoran, as liquidator for Dominion Insurance Company, moves to remand the action to New York state court on grounds of abstention and lack of jurisdiction.

■ The action is brought by the New York State Superintendent of Insurance (the "Superintendent" or "Plaintiff"), as Liquidator of Dominion Insurance Company of America ("DOMA") against defendant Universal Reinsurance Corporation ("Universal") on debts of Universal's former subsidiary, Bellefonte Insurance Company ("Bellefonte"), which was subsumed by merger into Universal on September 30, 1983. The Superintendent alleges that Universal, as Bellefonte's successor, has breached its obligations to DOMA as retrocessionaire under a written Quota Share Retrocession Agreement ("Quota Share Agreement"). The complaint alleges that Universal owes DOMA $697,358.34 as its portion of retained liabilities from a series of reinsurance contracts.

On August 19, 1986, the Supreme Court of the State of New York ordered the liquidation of DOMA and the Superintendent was appointed as liquidator. In the course of settling the estate, the Superintendent made several requests for payment of Universal's obligations to DOMA. Upon Universal's failure to satisfy the alleged debts, the Superintendent filed suit in New York State Supreme Court.[1] Universal removed to federal court on the grounds of diversity of citizenship, 28 U.S.C. § 1441.

The Superintendent moves to remand. He argues that federal jurisdiction over the action is precluded by the McCarran–Ferguson Act, 15 U.S.C. §§ 1011 et seq., and that the federal court should abstain under the doctrines enunciated either in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), *Colorado River Water Conservation District v. United*

---

1. By letter of January 15, 1987, the Superintendent notified Universal of the balances owing to DOMA on the Quota Share Agreement. A second request was made on July 10, 1987. Universal responded on July 23, 1987 by claiming a set-off of debts that DOMA owed Universal and therefore disclaimed any liability to DOMA. The Superintendent again demanded payment on July 30, rejecting the claim of set-off.

*States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), or *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

I first consider the abstention doctrine of *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The *Burford* abstention doctrine is designed to prevent federal courts from interfering with specialized state regulatory schemes. *Id.* at 327, 63 S.Ct. at 1104. In *Burford, supra,* an oil company sued in district court to protest the decision by the Texas Railroad Commission to grant a drilling permit to a competitor. The Supreme Court held that where the state has a particular interest in a subject of regulation and has devised a unified scheme to deal with that interest, the federal courts should abstain from adjudicating disputes arising from such regulation. The Court held that "[C]onflicts in the interpretation of state law, dangerous to the success of state policies, are almost certain to result from the intervention of the lower federal courts. On the other hand, if the state procedure is followed ... ultimate review of the federal questions is fully preserved there." *Id.* at 334, 63 S.Ct. at 1107.[2]

Several recent courts in this Circuit have abstained pursuant to the *Burford* doctrine in cases involving Article 74 of the New York Insurance law. In *LEICL v. Corcoran,* 807 F.2d 38 (2d Cir.1986), *cert. denied,* 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987), the state liquidator notified LEICL of a claim that LEICL owed monies on its contract with an insolvent insurance company and that legal action would soon commence in state court pursuant to Article 74. LEICL responded by bringing a declaratory judgment action in federal court.

The Second Circuit recognized that the complex system of state regulation embodied in Article 74 of the New York Insurance law was "comprehensive." In its consideration of the *Burford* doctrine, the court noted that the New York courts have "implemented the state's policy of unified adjudication by requiring all claims and challenges to be centralized in the court supervising the liquidation or rehabilitation." *Id.* 807 F.2d at 43. This need to centralize the claims by and against insolvent insurance companies coupled with the McCarran–Ferguson Act's "express federal policy of non-interference in insurance matters" led the court to hold that *Burford* abstention was appropriate. *Id.* 807 F.2d at 44; *see also Lac D'Amiante du Quebec v. American Home Assurance,* 864 F.2d 1033 (3rd Cir.1988) (*Burford* abstention required in indemnity action against bankrupt insurer under protection of New York Insurance Law.); *Levy v. Lewis,* 635 F.2d 960 (2nd Cir.1980) (*Burford* abstention appropriate when a disgruntled creditor brought federal claims after the liquidator sought to disallow his claim in the state proceeding.); *Corcoran v. Ardra Insurance Co. Ltd.,* 842 F.2d 31 (2nd Cir.1988) (*Burford* abstention applicable to contract dispute between liquidator and foreign insurer); *Corcoran v. Intercontinental Insurance Co.,* No. 88–4032 (S.D.N.Y. Jan. 23, 1989); *Mathias v. Lennon,* 474 F.Supp. 949 (S.D.N.Y.1979) (*Burford* abstention applies to suit by diversity claimant dissatisfied with discretionary action of New York liquidator.).

Universal claims that "only when state law is unclear or novel is *Burford* abstention appropriate because only then is there a significant risk of disrupting the state law." Def.Mem. p. 23. This is a mischaracterization of the *Burford* doctrine in this context. Even where the state law issues are settled, the exercise of federal court jurisdiction would hamper New York's attempts to create a unified liquidation proceeding, and perhaps encourage other parties to the liquidation to evade the state proceedings. The ensuing disruption

---

**2.** Although Universal now contends that the dispute should be resolved under Ohio law rather than New York law, the Quota Share Agreement contains several provisions which incorporate references to New York law. *See* Agreement, Article XII, p. 9; Article XIII, p. 11. Although it is not for me to determine which state's law should be applied to this dispute, it appears that resolution of this dispute requires some application of Article 74 of the New York Insurance law, and thus reinforces the holding in this matter.

would create just the result that the *Burford* rule was designed to prevent.

I am further persuaded of the applicability of the *Burford* doctrine to this case by the strong federal policy in favor of non-interference with state regulation of insurance. The McCarran–Ferguson Act was passed to insure that "silence on the part of Congress shall not be construed" as preventing the states from regulating domestic insurance companies. 15 U.S.C. § 1011. The Act "establishes an 'express federal policy of non-interference in insurance matters' and a clear '[Congressional mandate] that regulation of the insurance industry be left to the individual states.'" *Washburn v. Corcoran* 643 F.Supp. 554, 555 (S.D.N.Y.1986), quoting *Levy v. Lewis* 635 F.2d 960, 963–64 (2d Cir.1980). The pertinent section of the Act states:

> No Act of Congress shall be construed to invalidate, impair or supercede any law enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance. (15 U.S.C. § 1012(b))

The Superintendent argues that by exercising jurisdiction over this case, this court would be construing the federal removal statute to "invalidate, impair or supersede" New York State's regulatory scheme governing the liquidation of insolvent insurance companies,[3] and in particular, that part of the regulatory scheme placing exclusive jurisdiction of the liquidation of an insolvent insurance company in the New York State Supreme Court.

The laws of New York include extensive provisions for the liquidation of insurance companies.[4] *See* New York Insurance Law, Art. 74 (McKinneys, 1985). These provisions are "intended to and do furnish a comprehensive, economical, and efficient method for the winding-up of the affairs of such insurance companies by the Superintendent of Insurance ... Those provisions of the Insurance Law are exclusive in their operation and furnish a complete procedure for the protection of the rights of all parties interested." *Knickerbocker Agency v. Holz,* 4 N.Y.2d 245, 250, 173 N.Y.S.2d 602, 149 N.E.2d 885 (1958); *see also Tolfree v. New York Title & Mortgage Company,* 72 F.2d 702 (2d Cir.1934); *Superintendent of Insurance of the State of N.Y. v. Bankers Life and Casualty Co.,* 401 F.Supp. 640 (S.D.N.Y.1975); *Motlow v. Southern Holding & Securities Corp.,* 95 F.2d 721 (8th Cir.1938).

In *Knickerbocker,* the New York Court of Appeals held that the arbitration agreements of an insurance company were nullified by the "exclusive jurisdiction" of the state liquidation court over all proceedings concerning claims on behalf of and against the estate of the insolvent insurer. *Knickerbocker,* 173 N.Y.S.2d at 608, 149 N.E.2d 885. The New York courts have consistently found that the proceedings surrounding an insolvent insurer were best conducted under the "single management of one court." *Id.* at 609, 149 N.E.2d 885. By vesting control of all claims for and against a bankrupt insurer in one court, the New York law "insures economical, efficient and orderly liquidation." *Washburn,* 643 F.Supp. at 556.

The federal courts in this circuit have traditionally given broad scope to the interpretation of this regulatory scheme. *Tolfree v. New York Title & Mortgage Company,* 72 F.2d 702 (2d Cir.1934), *cert. denied,* 293 U.S. 619, 55 S.Ct. 216, 79 L.Ed. 707, held it a necessary implication of the

---

**3.** The removal statute, 28 U.S.C. § 1441(a), provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> Except for the McCarran–Ferguson Act provision, The Superintendent does not contest that removal was otherwise in compliance with the statutory requirements. Original jurisdiction exists by virtue of the diversity of citizenship between the parties. 28 U.S.C. § 1332.

**4.** It is undisputed that Article 74 of New York Insurance Law is a law enacted "for the purpose of regulating the business of insurance." *See SEC v. National Securities Inc.,* 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969); *Levy v. Lewis,* 635 F.2d 960 (2d Cir.1980).

New York insurance law were that the liquidator was under the direction of only the state court. "Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation." *Id.* at 706.

In *LEICL, supra,* the court emphasized the strong state regulatory scheme of maintaining a comprehensive and unified system of liquidating insolvent insurance companies, embodied in both statute and case-law.

Similarly, in *Superintendent of Insurance of the State of New York v. Bankers Life and Casualty Co.,* 401 F.Supp. 640 (S.D.N.Y.1975), the court held that a creditor of the bankrupt insurance company could not make a federal court challenge to the settlement of a federal securities claim by the liquidator. Basing its decision not on a specific statute, but on the order of liquidation entered by the liquidation court, the court held that even if the settlement was "wrong," "no federal interest exists which requires this court to override that determination." *Id.* 401 F.Supp. at 648.

In *Washburn v. Corcoran, supra,* the liquidator of an insolvent insurer brought action in state court seeking declaratory judgment of a contract dispute with an Illinois insurance company, also in receivership. The Illinois liquidator, instead of responding to the state court action, petitioned the federal court to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. This court concluded that Article 74 should be construed in accordance with the principles of *Knickerbocker,* and held that the McCarran–Ferguson Act barred jurisdiction because of *Knickerbocker*'s ruling that the "legislature never contemplated turning over liquidation proceedings ... to private arbitrators to administer." *Washburn, supra,* 643 F.Supp. at 557.

■ Here, the Superintendent has asserted a claim on behalf of DOMA against Universal, which, in response, makes a claim for set-off based upon prior dealings with DOMA. For such an isolated claim and counter-claim to be removed from the liquidation proceedings and litigated separately would contravene the scheme established by the New York state legislature for the liquidation and rehabilitation of its insurance companies. To permit resort to the removal statute to extricate this case from state court jurisdiction would "impair, invalidate or supersede" New York's law requiring a unified proceeding in the state court and would accordingly violate McCarran–Ferguson.

Defendant's arguments to the contrary are unpersuasive. It relies primarily on *Bernstein v. Centaur,* 606 F.Supp. 98 (S.D.N.Y.1984). In *Bernstein,* the liquidators of New York and Vermont insurance companies were substituted as plaintiffs in a diversity action against a reinsurer when the companies that had been pursuing the action were declared insolvent. Defendant moved to stay the action pending arbitration of the agreement under the Federal Arbitration Act. The court granted a stay and rejected the argument that the McCarran–Ferguson Act would bar the applicability of the federal Arbitration Act because the case was originally brought by the plaintiff insurance companies before they were insolvent. "Because this case is not within the exclusive jurisdiction of the state Supreme Court and is not one brought under Article XVI (now Article 74) of the New York Insurance law, it is not governed by *Knickerbocker.*" *Id.* 606 F.Supp. at 103.

Universal seeks to draw from *Bernstein* the proposition that the McCarran–Ferguson Act should be read to apply only to explicit statutory language. But neither *Bernstein,* nor any other decision has read McCarran–Ferguson's mandate so narrowly.

Universal also seeks support from the *Bernstein* court's note that where the subject *res* at issue in the dispute is not in the custody of the state court, then it may be permissible to exercise federal jurisdiction. Universal's characterization of the action as an attempt "to drag a solvent insurance company into a state liquidation proceeding where the liquidation court d[oes] not already have jurisdiction over the subject *res.*" is misguided. Def.Mem. p. 11. Two

of defendant's affirmative defenses claim "recoupment" and "set-off" for monies owing to Universal from DOMA on other contracts. ¶ 19, 20 Def. Answer. If Universal succeeds in its set-off or recoupment defense, it would be drawing assets *away* from the estate, which monies would otherwise be distributed for the benefit of DOMA's creditors. The note in *Bernstein* also suggests a questionable distinction because "[t]he extent to which the Superintendent is able to collect thus affects the degree to which the insolvent insurer's estate will have assets sufficient to satisfy the claims of its creditors." *Corcoran v. Ardra Insurance Co. Ltd., supra.*

Moreover, *Bernstein* is inapposite to the present case in that the court did not consider the issues present here. "[N]either of the [Bernstein] parties claimed that [the] case [was] under the jurisdiction of the New York State Supreme Court, nor that [the federal] court should exercise its discretion to decline jurisdiction in favor of state court proceedings." *Bernstein*, 606 F.Supp. at 103.[5]

Universal also claims, citing *Jefferson Insurance Co. v. Fortress Re, Inc.*, 616 F.Supp. 874 (S.D.N.Y.1984), that because this suit involves a contract for reinsurance, New York has little interest in having its own insurance law applied. I doubt the validity of the distinction drawn in that case. Insurance companies depend upon reinsurance contracts for financial stability and hence for their ability to fulfill their obligations under their policies. I doubt that the Courts of New York would conclude that the State has a lesser interest in the application of its laws to reinsurance treaties than to insurance contracts. Where an insurance carrier has financed its exposure through reinsurance, its policies are worth no more than the reinsurance behind them.

Universal also raises the flawed argument that because the Superintendent may bring suit in federal court in other states in order to consolidate the assets of the estate, there cannot be exclusive jurisdiction in a New York state court. The actions of the liquidator of an insolvent insurer are supervised by the liquidation court. If, with the permission of the liquidation court, the liquidator brings suit in state or federal court of a different jurisdiction, no harm is done to the plan of unified liquidation. Needless to say, such action is often necessary to recover assets from debtors not subject to New York jurisdiction. This type of permissive action by a liquidator does not implicate McCarran–Ferguson, nor does it lend any credence to Universal's attempts to litigate its claims separately from DOMA's other creditors.

Having concluded that remand is appropriate under *Burford* and McCarran–Ferguson, I need not reach the Superintendent's alternative argument that the abstention doctrines of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) are applicable in this case.

The Superintendent's motion is granted. The action is remanded to the New York State Supreme Court.[6] The Clerk is directed to transmit the file to the Clerk of the Supreme Court of the State of New York, New York County.

SO ORDERED.

---

**5.** Universal also seeks to find support for its position in *O'Connor v. Insurance Company of North America*, 622 F.Supp. 611 (D.C.Ill.1985). *O'Connor* held only that reinsurer was entitled to set-off past debts against monies claimed by the Illinois state liquidator. The court did not address any abstention issues.

**6.** "The goals reflected in the principle that the court may dismiss on grounds of abstention persuade us that when the district court has decided not to hear a removed case on grounds of abstention, it need not dismiss but may instead remand." *Corcoran v. Ardra Insurance Co.*, 842 F.2d at 36.