Mary M. **PHILLIPS**, Special Deputy Commissioner of Insurance and Receiver in Liquidation of Healthcare United, Inc., a Colorado nonprofit corporation and health maintenance organization, Plaintiff,

v.

**LINCOLN NATIONAL HEALTH & CASUALTY INSURANCE COMPANY, Defendant.**

**Civ. A. No. 90–S–1989.**

United States District Court, D. Colorado.

Sept. 30, 1991.

---

Joel Cantrick, Denver, Colo., for plaintiff.

Joseph Bronesky and Melvin Sabey, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER comes before the court on Defendant's Motion to Stay Proceedings and Compel Arbitration, filed December 14, 1990 and Defendant's Amended Motion to Stay Proceedings and Compel Arbitration, filed January 3, 1991. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, Defendant requests the court to compel the Plaintiff to arbitrate all disputes between the parties arising from or related to the Specific Excess Liability Reinsurance Agreement No. G–61458 ("the Agreement", Defendant's Exhibit A). The court has reviewed the Motion, the Amended Motion, the Plaintiff's Response and Brief in Opposition, Defendant's Reply, Plaintiff's Supplemental List of Authorities, Defendant's Surreply, the argument of counsel in open court, the applicable law, and is fully advised in the premises.

1. First, Plaintiff argues that the arbitration provision contained in Exhibit A, Section 7 does not apply to this dispute because the arbitration provision was terminated when Healthcare United, Inc. (HCU) became insolvent.

■ The Plaintiff, as Receiver in Liquidation of HCU, "stands in the shoes" of HCU with regard to the Agreement. *Hays & Co. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1153 (3d Cir. 1989). The Agreement, including endorsements and attachments, if any, constitutes the entire Reinsurance Agreement between the parties. *See* Exhibit A, Section 9.4. The language of the Agreement and the Continuation of Coverage Endorsement demonstrate that the Agreement continued to be in effect after the insolvency of HCU because the Endorsement provided for benefits that would be payable after HCU was insolvent. *See* Exhibit A, Section 8.3(b) and Exhibit A, Continuation of Coverage Endorsement.

■ In addition, arbitration will be enforced even if the dispute arose under an expired agreement. *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 249–55, 97 S.Ct. 1067, 1070–74, 51 L.Ed.2d 300 (1977), *reh. denied*, 430 U.S. 988, 97 S.Ct. 1689, 52 L.Ed.2d 384 (1977), *discussing John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *Aspero v. Shearson American Express, Inc.*, 768 F.2d 106, 108 (6th Cir.1985), *cert. denied*, 474 U.S. 1026, 106 S.Ct. 582, 88 L.Ed.2d 564 (1985); *Gates Energy Products v. Yuasa Battery Co.*, 599 F.Supp. 368, 373 (D.Colo. 1983).

2. Next, Plaintiff argues that the arbitration provision has no effect because its enforcement would impair Colorado's regulation of the "business-of-insurance" under the McCarran–Ferguson Act, 15 U.S.C. § 1012(b).

■ The McCarran–Ferguson Act, 15 U.S.C. § 1012(b), provides in pertinent part: (b) No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, . . . .

Plaintiff cites *Washburn v. Corcoran*, 643 F.Supp. 554 (S.D.N.Y.1986), in which the court found that Article 74 of the New York Insurance Law conferred exclusive jurisdiction over the liquidation of insurance companies on the New York Supreme Court. The judge in *Washburn*, 643 F.Supp. at 556, concluded that application of the Federal Arbitration Act would impair or supersede Article 74 and was therefore barred by the McCarran–Ferguson Act.

Colorado has enacted an encompassing regulatory scheme for the liquidation of insolvent insurance companies in the uniform Insurers Liquidation Act, Colo.Rev. Stat. §§ 10–3–501 to 512 (1987), but Colorado does not have a law like Article 74 of the New York Insurance Law that establishes that the liquidation of insurance companies is the "business of insurance." And, although there is intense debate over the meaning of the term "business of insurance," *see Fabe v. U.S. Dept. of Treasury*, 939 F.2d 341 (6th Cir.1991) (Jones, J. dissenting), this court concludes that the relevant caselaw since *Washburn*, 643 F.Supp. at 554, dictates that the liquidation of an insolvent insurance company is not the "business of insurance" as that term is used in the McCarran–Ferguson Act. *See Fabe*, 939 F.2d at 353–55 (Jones, J. dissenting); *State of Idaho v. United States*, 858 F.2d 445, 452–55 (9th Cir.1988); *Gordon v. U.S. Dept. of Treasury*, 668 F.Supp. 483, 491 (D.Md.1987), *aff'd. Gordon v. U.S. Dept. of Treasury*, 846 F.2d 272 (4th Cir. 1988), *cert. denied* 488 U.S. 954, 109 S.Ct. 390, 102 L.Ed.2d 379 (1989).

The district court in *Gordon*, 668 F.Supp. at 486–91, relied on a trio of Supreme Court cases that defined the term "business of insurance" within the McCarran–Ferguson Act: *Union Labor Life Insurance Co. v. Pireno*, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982); *Group Life & Health Insurance v. Royal Drug Co.*, 440 U.S. 205, 99 S.Ct. 1067, 59 L.Ed.2d 261 (1979), *reh. denied* 441 U.S. 917, 99 S.Ct. 2017, 60 L.Ed.2d 389 (1979); and *Securities*

*and Exchange Comm. v. National Securities, Inc.,* 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969). The Fourth Circuit agreed with the district court's analysis regarding the business of insurance and adopted the district court's opinion. *Gordon,* 846 F.2d at 273–74.

The Sixth Circuit analyzed the same trio of cases and reached a different result. *Fabe,* 939 F.2d at 341 (Jones, J. dissenting). However, this court agrees with the dissent by Judge Jones. In determining whether a particular practice is part of the "business of insurance," three factors should be considered: First, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry. *Fabe,* 939 F.2d at 353 (Jones, J. dissenting). This court concludes that the arbitration provision sought to be enforced by the Defendant pursuant to the Federal Arbitration Act is not barred by the McCarran–Ferguson Act as impairing Colorado's regulation of the "business-of-insurance." *See Fabe,* 939 F.2d at 353–55 (Jones, J. dissenting).

3. Finally, Plaintiff argues that this dispute is not properly referable to arbitration because the important federal policy of the Health Maintenance Organization Act, 42 U.S.C. § 300e(c)(7)(B), and the corresponding regulations at 42 C.F.R. 417.107(a) requiring HCU to carry insolvency insurance outweighs the federal policy favoring arbitration.

■ Plaintiff has cited *Marchese v. Shearson Hayden Stone, Inc.,* 734 F.2d 414 (9th Cir.1984) to support her argument that because federal statutes and regulations required HCU to obtain insolvency insurance, this dispute over the contractual provisions of the insolvency insurance agreement involves statutory claims that must be resolved by a federal court rather than by arbitration. The court in *Marchese* held that policy reasons weigh against arbitration of certain disputes and that the Commodity Exchange Act, 7 U.S.C. § 6d,

did not "expressly sweep statutory disputes within the scope of arbitration," 734 F.2d at 420–21. Plaintiff argues that this case represents a conflict between the federal policy in favor of providing health insurance coverage and the federal policy in favor of arbitration. Plaintiff asserts that the federal policy in favor of providing health insurance coverage outweighs the federal policy in favor of arbitration; therefore, this dispute should be resolved by a federal court.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.,* established a federal policy favoring arbitration and requiring that courts rigorously enforce arbitration agreements. *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987), *reh. denied* 483 U.S. 1056, 108 S.Ct. 31, 97 L.Ed.2d 819 (1987). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983).

By its own terms, the Federal Arbitration Act leaves no place for the exercise of discretion by a federal court. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). The Act mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. Agreements to arbitrate must be enforced absent a ground for revocation of the contractual agreement. *Byrd,* 470 U.S. at 218, 105 S.Ct. at 1241.

In *McMahon,* the Supreme Court stated that the Arbitration Act, standing alone, mandates enforcement of agreements to arbitrate statutory claims, but that mandate may be overridden by a contrary congressional command. 482 U.S. at 226–27, 107 S.Ct. at 2337–38. The burden is on the party opposing arbitration to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue. *McMahon,* 482 U.S. at 227, 107 S.Ct. at 2337. Such an intent will be deducible from the text or legislative history of

the statute or from an inherent conflict between arbitration and the statute's underlying purposes. *McMahon*, 482 U.S. at 227, 107 S.Ct. at 2337, *quoting Byrd*, 470 U.S. at 217, 105 S.Ct. at 1240; *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 627–28, 105 S.Ct. 3346, 3354–55, 87 L.Ed.2d 444 (1985).

Here, the complaint does not seek declaratory judgment involving the interpretation of a federal statute. Rather, the complaint seeks damages as a result of the alleged failure of Lincoln to perform its obligations under the Continuation of Coverage Endorsement. What the Defendant seeks to arbitrate is the interpretation and enforcement of a contract, not the interpretation of a federal statute. Even if this dispute required interpretation of a federal statute, the Plaintiff has not pointed to any congressional intention expressed in the text or legislative history of the HMO Act to preclude a waiver of judicial remedies for the statutory claims at issue. *See McMahon*, 482 U.S. at 227, 107 S.Ct. at 2337. Nor has the Plaintiff argued any grounds for revocation of the Agreement.

Although the court commends Plaintiff's counsel on their thoughtful arguments, the court concludes that it must direct the parties to proceed to arbitration. Accordingly, for the reasons stated in this Memorandum Opinion and Order,

IT IS ORDERED the Defendant's Motion to Stay Proceedings and Compel Arbitration, filed December 14, 1990 and the Defendant's Amended Motion to Stay Proceedings and Compel Arbitration, filed January 3, 1991 are GRANTED.

IT IS FURTHER ORDERED that the parties shall file a report on the status of the case by December 31, 1991 and once every six months thereafter until the arbitration is concluded.