■ In the Matter of the Arbitration between GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Respondent, and

STAN HAWKINS, Respondent. NASSAU INSURANCE COMPANY, Additional-Respondent-Appellant, and STEPHEN D. CONDOS, Additional Respondent.—Order, Supreme Court, New York County (Arthur Blyn, J.), entered January 2, 1985, which, *inter alia,* (1) granted the application of petitioner the General Accident Fire and Life Assurance Corporation (General Accident) to stay arbitration, pending a preliminary trial on the issue of insurance coverage, (2) ordered that the Nassau Insurance Company (Nassau) and Stephen D. Condos (Condos), be added as additional respondents; and, (3) directed that the preliminary trial be assigned to a Trial Part, is unanimously modified, on the law and on the facts, to the extent of: (1) striking from the order the provision assigning this matter to a Trial Part, and, (2) directing that the preliminary trial be assigned to the court supervising liquidation, and otherwise affirmed, without costs.

A vehicle operated by Condos collided with one operated by Stan Hawkins (Hawkins), causing Hawkins to allegedly suffer personal injuries. Since the police report indicated no insurance coverage for the Condos vehicle, Hawkins, whose vehicle was insured by General Accident, demanded arbitration, concerning his alleged injuries, from that carrier, pursuant to the uninsured motorist endorsement of the policy. In response to the demand, General Accident contends that the records of the New York State Department of Motor Vehicles indicate that Nassau may have insured the Condos vehicle when the accident occurred. Petitioner, General Accident, applied for either a stay of arbitration, or in the alternative, for an order adding as additional respondents, Nassau and Condos, and staying the arbitration, pending a preliminary trial on the issue of insurance coverage. In his capacity as the liquidator of Nassau, the New York State Superintendent of Insurance opposed the application insofar as it sought to add Nassau as an additional respondent, since the order of liquidation provides that, *inter alia,* no action or proceeding may be brought against Nassau. Special Term granted the application to the extent: (1) that arbitration be stayed, pending the determination of the issue of coverage at a preliminary trial, (2) directed that Nassau and Condos be added as respondents, and, (3) directed that the preliminary trial be assigned to Trial Term.

In view of the fact that Nassau is in liquidation and that there is a court order in effect prohibiting any action or proceeding from being brought against Nassau, we find that Special Term erred in assigning the preliminary trial of the issue of insurance coverage to Trial Term. It is hornbook law

that the "provisions of the Insurance Law with reference to liquidation by the Superintendent are exclusive in their operation and furnish a complete procedure for the protection of the rights of all parties interested." *(Matter of Lawyers Tit. & Guar. Co.,* 254 App Div 491, 492; *see also, Allcity Ins. Co. [Kondak],* 66 AD2d 531, 534-535.) Accordingly, we modify Special Term's order and assign the preliminary trial to the court supervising liquidation. Concur—Murphy, P. J., Sullivan, Ross, Kassal and Ellerin, JJ.