OPINION OF THE COURT
Ira Gammerman, J.
American Centennial Insurance Company, Atlas Assurance Company of America, The 1792 Company, Pine Top Syndicate, Inc., Republic Insurance Company, First Horizon Insurance Company, Ltd., Puritan Insurance Company, New York Syndicate Corp., Kansas Reinsurance Company, Simcoe & Erie General Insurance Company, GTE Reinsurance Company, Ltd., Universal Marine Insurance Company and Allianz Syndicate, Inc. (collectively the reinsurers), third-party defendants in action No. 1 and defendants in action No. 2 move pursuant to sections 2 through 4 of the United States Arbitration Act (9 USC § 1 et seq.), for an order directing the New York State Superintendent of Insurance as liquidator of Union Indemnity Insurance Company of New York (the liquidator) to proceed to arbitration of all claims, defenses and setoffs between the liquidator and the reinsurers asserted in action No. 1 and staying the consolidated proceeding pending the outcome of the arbitration. Also determined herein are the reinsurers’ motion to dismiss the complaint of Michigan National Bank-Oakland (Michigan National) and the cross motion of Michigan National for summary judgment as well as the liquidator’s motion for summary judgment declaring that the reinsurance proceeds be turned over to him.
These consolidated proceedings involve the competing claims of the liquidator and Michigan National with respect to the proceeds of reinsurance issued on behalf of Union Indemnity Insurance Company of New York (Union Indemnity) which is now insolvent. On July 16, 1985 Union Indemnity was placed in liquidation and a stay of all proceedings against that company was directed.
In September 1985, Michigan National commenced action No. 2 seeking to recover from the reinsurers based upon a bond issued by Union Indemnity (and reinsured by the reinsurers) guaranteeing repayment of a loan made by Michigan National to a California film producer, who defaulted. At approximately the same time, the liquidator demanded that the reinsurers turn over the proceeds of the reinsurance as an asset of the insolvent company. Union International Insurance of Delaware (a reinsurer but not a movant) and GTE *577 Reinsurance Company, Ltd. brought a third-party interpleader action in the liquidation proceeding to resolve the competing claims. Thereafter, the action of Michigan National was consolidated with the liquidation proceeding. The aforementioned motion to dismiss and the cross motions for summary judgment were submitted. Before those motions and cross motions were decided, the reinsurers moved to stay this action and compel arbitration of their defenses including fraud in the inducement of the reinsurance treaties.
The treaties entered into by the reinsurers and Union Indemnity provide in pertinent part as follows:
"arbitration:
"As a condition precedent to any right of action hereunder, any dispute or difference hereafter arising with reference to the interpretation, application, or effect of this Agreement or any part hereof, whether arising before or after termination of this Agreement, shall be referred to a Board of Arbitration consisting of two Arbitrators and an Umpire, all of whom shall be active or retired officers of insurance or reinsurance companies having no direct or indirect financial interest in either party or its affiliates. The seat of the Board of Arbitration shall be in New York, New York, unless the disputants agree otherwise.”
The reinsurers contend that the treaties providing reinsurance are acts of interstate commerce, that the arbitration agreement is governed by the Federal Arbitration Act and substantive Federal case law which, under the Supremacy Clause of the US Constitution, override State statutes which, in effect, prohibit arbitration.
The liquidator and Michigan National oppose the application maintaining that the McCarran-Ferguson Act (15 USC § 1011 et seq.) evidences a Federal policy recognizing State regulation of insurance. Thus, they urge that the New York statutory structure dealing with liquidation of insolvent insurance companies vests the liquidation court with exclusive jurisdiction to determine all claims for or against the bankrupt. They further argue that the reinsurers by their active participation in these proceedings to date have waived their rights to arbitration.
The Federal Arbitration Act "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate” (Cone Hosp. v Mercury Constr. Corp., 460 US 1, 25, n 32; Mitsubishi Motors v Soler Chrysler- *578 Plymouth, 473 US 614, 625) which is enforceable in State courts. (Southland Corp. v Keating, 465 US 1, 12; GAF Corp. v Werner, 66 NY2d 97, 102.)
The Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract” (9 USC § 2). The United States Supreme Court has emphasized repeatedly that the overriding policy embodied in this statute favors arbitration. (Cone Hosp. v Mercury Constr. Corp., supra, at 24; Southland Corp. v Keating, supra, at 12, 15; Dean Witter Reynolds Inc. v Byrd, 470 US 213, 221.) Thus, arbitration agreements within the coverage of the Act are to be vigorously enforced, absent a countervailing policy in another Federal statute.
The Federal Arbitration Act does not, of course, relate specifically to the business of insurance. It does, however, dictate the forum to be employed in resolving disputes involving multistate reinsurance agreements containing arbitration clauses.
The liquidator and Michigan National claim that the Mc-Carran-Ferguson Act, which reserves to the States regulation of insurance companies, is such a statute. McCarran-Ferguson provides: "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance * * * unless such Act specifically relates to the business of insurance” (15 USC § 1012 [b]).
Insurance Law article 74 (formerly art XVI) sets forth procedures for the liquidation and dissolution of insurance companies including the vesting of exclusive jurisdiction of all claims involving the insolvent carrier in the liquidation court, the New York State Supreme Court (Matter of Knickerbocker Agency [Holz], 4 NY2d 245; Matter of Allcity Ins. Co. [Kondak] 66 AD2d 531). Such a statutory scheme constitutes a State law regulating the business of insurance within the meaning of McCarran-Ferguson (see, Law Enforcement Ins. Co. v Corcoran, 807 F2d 38, 43) and "operates pursuant to an express federal policy of noninterference in insurance matters” (Levy v Lewis, 635 F2d 960, 963).
Thus, in Washburn v Corcoran (643 F Supp 554, 556), the court when faced with a similar invocation of the Federal Arbitration Act held that article 74 of the New York Insurance Law, as interpreted in Knickerbocker (supra) to confer *579 exclusive jurisdiction over the liquidation of insurance companies in the New York Supreme Court, is law enacted by the State " 'for the purpose of regulating the business of insurance’ ”, that application of the Federal Arbitration Act in the context of such liquidation would "unquestionably 'impair or supersede’ ” the provisions of article 74 and that the McCarran-Ferguson Act barred the application of the Federal Arbitration Act.
While apparently contrary results were reached in Ainsworth v Allstate Ins. Co. (634 F Supp 52) and Bernstein v Centaur Ins. Co. (606 F Supp 98), those cases are distinguishable and reliance on them is misplaced. In Ainsworth, the District Court in Missouri concluded that the parallel Missouri Insurance Company Liquidation Act did not vest exclusive jurisdiction in the State court. There the court had no definitive interpretation of the Missouri insurance liquidation act. In New York, such definitive interpretation was made by the Court of Appeals and is well established.
In Bernstein (supra) the action was initially commenced by Ambassador Insurance Co. and Horizon Insurance Co. against defendant reinsurer Centaur Insurance Company for nonpayment of amounts under certain reinsurance agreements. Shortly thereafter both plaintiff insurance companies were declared insolvent and the Vermont Insurance Commissioner and the New York Superintendent of Insurance were appointed rehabilitators of Ambassador and Horizon, respectively, and were substituted as plaintiffs. The court in Bernstein concluded that since the Superintendent of Insurance had become a plaintiff in the Federal court the "case is not within the exclusive jurisdiction of the state Supreme Court and is not one brought under article XVI [now art 74] of the New York Insurance Law” (606 F Supp, at 103), and, therefore, "not governed by Knickerbocker” (supra). Although the District Court in Bernstein went on to find that arbitration was not precluded by the McCarran-Ferguson Act because "[no] individual section of the * * * Insurance Law * * * specifically precludes arbitration” (606 F Supp, at 102), the distinction made by the court that the decision in Knickerbocker represents State policy and not State law is erroneous. In Knickerbocker, the Court of Appeals, interpreted New York law as follows: "When an insurance company is, or may become, insolvent, the Superintendent of Insurance may, under article XVI, apply to the Supreme Court for an order of liquidation (Insurance Law, §§ 513, 526). Under the order of *580 liquidation, the Superintendent of Insurance is vested by operation of law 'with the title to all of the property, contracts and rights of action’ of the defunct insurance company (Insurance Law, § 514). The Supreme Court, in the liquidation proceeding, must take cognizance of the interests of the policyholders, creditors, stockholders, and the public (Insurance Law, § 526), and it may issue such orders 'as may be deemed necessary to prevent interference with the superintendent or the proceeding, or waste of the assets of the insurer’ (Insurance Law, § 528). Clearly does the plan emerge that the Supreme Court, with the agency of the Superintendent of Insurance, was intended to have exclusive jurisdiction of claims both for and against an insurance company in liquidation.” (4 NY2d, at 250.)
This reading of the statute by the high court is the law of the State and will remain such until the Legislature sees fit to amend the statute. In the absence of such amendment this court is bound by the Court of Appeals interpretation of the implications of the statutory structure and the District Court’s conclusion that Knickerbocker (supra) is merely a statement of State policy is not persuasive.
Under these facts, exclusive jurisdiction is vested in this court and the liquidator has not acted in a fashion that would waive the court’s exclusive jurisdiction. Arbitration is, therefore, inappropriate and will only lead to piecemeal determination of the relevant issues and possible duplication of efforts and inconsistent results. As was noted in Knickerbocker: " 'Experience has demonstrated that, in order to secure an economical, efficient, and orderly liquidation and distribution of the assets of an insolvent corporation for the benefit of all creditors and stockholders, it is essential that the title, custody, and control of the assets be intrusted to a single management under the supervision of one court. Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation. This should be particularly true as to proceedings for the liquidation of insolvent insurance companies. * * *’ [citing Motlow v Southern Holding & Sec. Corp., 95 F2d 721, 725-726 (8th Cir), cert denied 305 US 609 (1938)]. Since, therefore, another court should not be permitted to interfere with the jurisdiction of the court in which the liquidation proceeding is pending, a fortiori, an arbitrative tribunal may not interfere with the exercise of such jurisdiction.” (Supra, 4 NY2d, at 252-253.)
The State statutory scheme as interpreted in Knickerbocker *581 (4 NY2d 245, supra) is controlling under McCarran-Ferguson, and arbitration is not available to resolve this dispute once liquidation proceedings against Union Indemnity were commenced. The resolution of all claims for or against the insolvent carrier must proceed before the liquidation court. (Washbum v Corcoran, 643 F Supp 554, supra.)
In light of the foregoing, the court need not determine whether the reinsurers by their actions earlier in these proceedings waived their right to arbitration.
Accordingly, the motion for a stay of proceedings and to compel arbitration is denied. The consolidated actions shall proceed to trial. It is evident that the reinsurers’ defense of fraud in the inducement of the reinsurance agreements will be determinative of whether there are proceeds for distribution and must be decided prior to resolution of the claims of the liquidator and Michigan National to such proceeds. Consequently, the summary judgment motions previously submitted and presently sub judice are denied without prejudice to their renewal after the trial of the fraud issue, which shall proceed expeditiously. To this end, the reinsurers are hereby directed to more specifically set forth their claim of fraud by supplemental pleading within 20 days of the service of this decision and order with notice of entry.