■ WHITNEY M. YOUNG, JR. HEALTH CENTER, INC., Respondent, v NEW YORK STATE DEPARTMENT OF INSURANCE LIQUIDATION BUREAU, Appellant, et al., Defendants.—Mikoll, J. Appeal from an order of the Supreme Court (Doran, J.), entered September 30, 1988 in Albany County, which denied defendant Department of Insurance Liquidation Bureau's motion to, *inter alia,* dismiss the complaint against it.

Plaintiff, a not-for-profit corporation, was served with a summons and complaint in July 1982 alleging that Carol Goldberg sustained personal injuries as a result of dental treatments received at plaintiff's facility from May 1, 1978 through January 25, 1982. Plaintiff immediately forwarded a copy of the papers to its then-insurer, Integrity Insurance Company (hereinafter Integrity). Pretrial proceedings were had and a note of issue and certificate of readiness, declaring the action ready for trial, were filed in 1984.

By a letter dated April 3, 1985, Integrity informed plaintiff that it was disclaiming coverage for any acts of malpractice which occurred prior to May 1, 1981 because coverage by Integrity did not begin until that date. Two prior insurers of plaintiff were then notified, but they also disclaimed coverage due to late notice. Goldberg's malpractice action was tried on or about December 9, 1985 with Integrity, alone, providing the defense. The verdict in favor of Goldberg was set aside due to inconsistency and the case is presently on the Trial Calendar awaiting retrial.

On April 14, 1987, the Superintendent of Insurance was appointed ancillary receiver for Integrity. On April 14, 1988 defendant Department of Insurance Liquidation Bureau (hereinafter the Bureau) informed plaintiff that it, like Integrity, was disclaiming coverage for any acts of malpractice prior to May 1, 1981 and reserving its rights in the action commenced

by Goldberg. The Bureau also informed plaintiff that it would pay only 20% of any verdict rendered against plaintiff in a retrial of Goldberg's action.

In July 1988, plaintiff commenced this declaratory judgment action in Supreme Court against the Bureau and two other prior insurers to determine coverage for Goldberg's claim. Prior to answering the complaint the Bureau moved to dismiss the action and refer the matter to the court supervising the ancillary receivership of Integrity. This motion was denied by Supreme Court and this appeal by the Bureau ensued.

The order of Supreme Court denying the Bureau's motion to dismiss or sever the action against Integrity and refer this matter to the court supervising the ancillary receivership of Integrity should be reversed and the motion granted. The ancillary receivership order entered April 14, 1987 by another Supreme Court Justice provides a permanent stay against any actions against Integrity. The instant action for a declaratory judgment was commenced in July 1988 and is therefore barred by the previous ancillary receivership order.

In denying the motion in this action, Supreme Court erroneously relied on a paragraph of the ancillary receivership order. which stays a party for 180 days from proceeding in any action or proceedings pending at the time of the signing of the ancillary receivership order for claims in which Integrity is obligated to defend by virtue of its insurance contract. Plaintiff was a party to Goldberg's action at the time and Integrity was obligated to defend plaintiff under its insurance contract. Thus, Goldberg's action was subject to the temporary stay provision of the ancillary receivership order. However, the declaratory judgment action against Integrity is a separate and distinct action. It is not a part of Goldberg's action. The declaratory judgment action therefore is governed by the permanent stay paragraph of the ancillary receivership order which applies to any actions brought against Integrity. Thus, this action for declaratory relief must be dismissed and the matter referred to the court supervising the ancillary receivership of Integrity *(see, Matter of General Acc. Fire & Life Assur. Corp. [Hawkins]*, 115 AD2d 357, 358-359).

Order reversed, on the law, with costs, motion granted and matter referred to the Supreme Court Justice supervising the ancillary receivership of Integrity Insurance Company. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.