Michael **MONDRUS**, Plaintiff,

v.

The **MUTUAL BENEFIT LIFE INSURANCE COMPANY**, Defendant.

No. 91 C 4658.

United States District Court, N.D. Illinois, E.D.

Sept. 25, 1991.

---

Steven J. Kadison, Thomas M. Craig, Kamenear, Kadison & Anderson, Chicago, Ill., for plaintiff.

Sherri L. Giffin, Peterson & Ross, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

In this diversity action, Michael Mondrus brings a three-count complaint against Mutual Benefit Life Insurance Company ("Mutual Benefit"), seeking a declaration of his disability under the terms of Disability Income Policy number H401.454, damages for breach of contract, and statutory relief pursuant to Ill.Rev.Stat. ch. 73, ¶ 767. Currently before the court is Mutual Benefit's motion to stay proceedings. For the reasons stated below, we grant the motion to stay under the abstention doctrine of *Bur-*

*ford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and its progeny.

### I.  Background

The allegations of the complaint and the additional submissions of the parties reveal the following facts. On June 1, 1987, Mutual Benefit sold and delivered to Mondrus Disability Income Policy number H401.454. In accordance with the terms of the policy, Mutual Benefit agreed to insure Mondrus against "total disability," as defined therein. Beginning in December 1988, while the policy was in effect, Mondrus began experiencing pain and discomfort in his joints, particularly in his hands and wrists, which was medically diagnosed as the onset of polyarticular rheumatoid arthritis. According to Mondrus, as of February 1990, this condition rendered him unable to perform in his occupation as a trader on the floor of the Chicago Board of Options Exchange. Mondrus duly and timely provided Mutual Benefit with written notice of his claim. Mutual Benefit subsequently denied Mondrus' claim for benefits under the policy, claiming in substance that Mondrus could perform his occupation with only minor physical limitations.

Mondrus filed suit against Mutual Benefit on July 24, 1991. In Count I of his complaint, Mondrus seeks a declaration of his disability under the terms of the disability income policy. Count II alleges that Mutual Benefit breached its contractual duty by refusing to pay Mondrus the benefits allegedly due. Finally, in Count III, Mondrus seeks attorneys' fees, costs, and a penalty for Mutual Benefit's "unreasonable and vexatious" refusal to pay plaintiff the sums due, pursuant to Ill.Rev.Stat. ch. 73, ¶ 767.

Eight days prior to the filing of Mondrus' complaint, on July 16, 1991, Judge Paul E. Levy of the Superior Court of New Jersey, Chancery Division–Mercer County, entered a consent order to show cause with temporary restraints. Pursuant to N.J.Rev.Stat. § 17B:32–7(a), Judge Levy directed the New Jersey Commissioner of Insurance to rehabilitate Mutual Benefit. To facilitate this rehabilitation, paragraph 7 of the July 16, 1991 order enjoins any per-

son, including those having claims of any nature against Mutual Benefit, from bringing, maintaining, or further prosecuting any proceeding against Mutual Benefit. On August 7, 1991, Judge Levy entered a supplemental order, continuing the rehabilitator's appointment, continuing restraints, and granting other relief, including a continuance of all stays and injunctions.

Mutual Benefit contends that Judge Levy's orders are entitled to full faith and credit, and that this court should abstain from exercising jurisdiction over the current matter until such time as the rehabilitation pending in the New Jersey state court is complete. In addition, Mutual Benefit argues that this suit should be stayed pursuant to the Uniform Insurer's Liquidation Act, Ill.Rev.Stat. ch. 73, ¶¶ 833.1–833.13. As we agree that this case presents one of those rare circumstances where a court should decline to exercise jurisdiction under the *Burford* abstention doctrine, we do not reach Mutual Benefit's other arguments.

## II. The *Burford* Abstention Doctrine

The United States Supreme Court, in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), declined to interfere with a Texas Railroad Commission decision authorizing the drilling of oil wells. Although the action fell within the Court's diversity and federal question jurisdiction, as Sun Oil contested the Commission's decision on due process grounds, the Court, in an opinion by Justice Black, concluded that abstention on the part of the district court was appropriate. In reaching this conclusion, the Court relied heavily on the fact that the proper allocation of oil resources was a matter of substantial state concern, for which the state had set up a comprehensive regulatory scheme. *Id.* at 326–27, 63 S.Ct. at 1103–04. The Court noted that there was significant need for uniform decision-making in the area, which the state had attempted to provide by consolidating review of all claims involving oil allocation in specialized state courts. *Id.* Under this scheme, the Texas courts were "working partners with the Railroad Commission in the business of creating a regu-

latory system for the oil industry." *Id.* at 326, 63 S.Ct. at 1103. Addressing the confusion that would flow from federal court involvement in this integrated state system, Justice Black stated that "[d]elay, misunderstanding of local law, and needless federal conflict with State policy are the inevitable product of this double system of review." *Id.* at 327, 63 S.Ct. at 1104. Under such circumstances, the Court held fundamental principles of comity required the federal court to stay its hand.

Recently, in *New Orleans Pub. Serv. Inc. v. Council of City of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989), the Supreme Court summarized the two circumstances where *Burford* abstention is appropriate. First, a federal court should abstain from deciding " 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the results in the case at bar.' " *Id.* at 361, 109 S.Ct. at 2514 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976)). Second, abstention is appropriate where the " 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.' " *Id.* It is the second category of *Burford* abstention that is at issue in this case.

■ To aid in the determination of whether abstention is appropriate within the context of the insurance industry, a court should consider the following factors: (1) whether the suit is based on a cause of action that is exclusively federal; (2) whether difficult or unusual state laws are at issue; (3) whether the suit requires the court to determine issues that are directly relevant to state policy in the regulation of the insurance industry; and (4) whether state procedures indicate a desire to create special state forums to regulate and adjudicate these issues. *Hartford Casualty Ins. Co. v. Borg–Warner Corp.*, 913 F.2d 419, 425 (7th Cir.1990); *see also General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 709 (7th Cir.1991). We note that, while these

factors are not all inclusive and not all must be present to warrant abstention, *Hartford Casualty Ins. Co.*, 913 F.2d at 425, the issue of whether the questions presented are those of federal or state law seems to be prominent. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983) ("[T]he presence of federal-law issues must always be a major consideration weighing against surrender" of jurisdiction"); *General Ry. Signal Co.*, 921 F.2d at 709; *Lac D'Amiante du Quebec, LTEE v. American Home Assurance Co.*, 864 F.2d 1033, 1044 (3d Cir.1988); *see also* Redish, *Federal Jurisdiction: Tensions in the Allocation of Judicial Power* 294 (2d ed. 1990) ("Where no significant question of federal law is involved, then, *Burford* abstention appears not to be harmful to federal interest.").

■ In light of the above factors, as well as the most recent Supreme Court precedent, we conclude that *Burford* abstention is warranted in this case. Significantly, this case involves questions of contract interpretation which are governed exclusively by state law. Moreover, the regulation of the insurance industry is an area of substantial public concern to the states. The McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015, specifically authorizes the states to continue serving their traditional role as the preeminent regulators of the insurance industry. Under this regulatory authority, most states, including New Jersey, have adopted complex and comprehensive schemes to govern the rehabilitation and liquidation of insolvent insurers. The New Jersey regulation entails the very type of "partnership" between the New Jersey state courts and the Commissioner of Insurance as discussed in *Burford*. The New Jersey courts issue the orders of rehabilitation, enjoin suits against the rehabilitator (*i.e.* the Commissioner of Insurance) to protect the proceedings, and oversee the rehabilitator's assessment of claims against the insurer's estate.

In this circumstance, an exercise of federal court jurisdiction would be highly destructive of the state's regulatory scheme.

The purpose of rehabilitation "is the preservation of the company and the removal of the causes of insolvency." *Independent Petrochemical Corp. v. Aetna Casualty and Surety Co.*, 672 F.Supp. 1, 6 (D.D.C.1986). Requiring Mutual Benefit, an insurer in rehabilitation, to dissipate its funds to defend unconnected suits across the country would seriously thwart New Jersey's regulatory purpose.

Our decision to stay this proceeding is supported by the numerous cases in which courts have held abstention and stay or dismissal appropriate in the circumstance of a suit against an insurer in rehabilitation or liquidation proceedings. *See, e.g., Hartford Casualty Ins. Co.*, 913 F.2d at 427; *Lac D'Amiante du Quebec*, 864 F.2d at 1049; *Grimes v. Crown Life Ins. Co.*, 857 F.2d 699, 706 (10th Cir.1988); *Corcoran v. Ardra Ins. Co.*, 842 F.2d 31, 37 (2d Cir. 1988); *Law Enforcement Ins. Co. v. Corcoran*, 807 F.2d 38, 44 (2d Cir.1986), *cert. denied*, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987); *Brown v. Link Belt Division of FMC Corp.*, 666 F.2d 110, 115 (5th Cir.1982); *Levy v. Lewis*, 635 F.2d 960, 964 (2d Cir.1980); *Independent Petrochemical Corp.*, 672 F.Supp. at 6; *Metropolitan Life Ins. Co. v. Board of Directors of Wis. Ins. Sec. Fund*, 572 F.Supp. 460, 473 (W.D.Wis.1983).

■ Mondrus contends that delaying the case until the rehabilitation is complete will result in severe hardship. Specifically, he points out that he has had neither income nor employment since February 1990. Without trivializing Mondrus' alleged loss, the focus of *Burford* abstention analysis transcends the individual stakes of this litigation to spotlight the larger state policies at issue. *See Hartford Casualty Ins. Co.*, 913 F.2d at 426 (citing *Lac D'Amiante du Quebec*, 864 F.2d at 1047). Further, abstention in this case does not equate to a dismissal. In this context, abstention only means that the present time is inappropriate for a federal court to hear this case. When the state rehabilitation process is complete and Judge Levy vacates his July 16, 1991 and August 7, 1991 orders, Mondrus' current action may continue in feder-

al court. *See La Duke v. Burlington N. R.R.*, 879 F.2d 1556, 1561–62 (7th Cir.1989) (holding that a stay rather than a dismissal is an appropriate remedy when deferring to a parallel state-court proceeding); *see also Hartford Casualty Ins. Co.*, 913 F.2d at 427; *Independent Petrochemical Corp.*, 672 F.Supp. at 6.

### III.  Conclusion

The assertion of federal jurisdiction in the present case would be disruptive of New Jersey's efforts to establish a coherent policy in the regulation of the insurance industry.  Accordingly, we conclude that abstention under the *Burford* doctrine is warranted.  Mutual Benefit's motion to stay the proceedings is hereby granted.[1]  It is so ordered.

---

1.  This stay will be implemented by an order dismissing this case without prejudice.  When the state rehabilitation procedure has been completed and Judge Levy's July 16 and August 17, 1991 orders are vacated, plaintiff should move for the reinstatement of this action.