In re PHILIPS OFFSET
CO., INC., Debtor.

Eric C. KURTZMAN, Trustee of Philips
Offset Co., Inc., Plaintiff,

v.

MUTUAL BENEFIT LIFE, Defendant.

Bankruptcy No. 92–B–20436.

United States Bankruptcy Court,
S.D. New York.

April 8, 1992.

Scheuermann & Davis, New York City, for Mutual Benefit Life.

Joseph J. Haspel, Spring Valley, NY, Kurtzman Haspel & Stein, for Trustee.

## DECISION ON MOTION FOR ORDER DISMISSING OR STAYING ADVERSARY PROCEEDING

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This adversary proceeding was brought by the Chapter 7 trustee on behalf of the debtor, Philips Offset Co., Inc. ("Philips"), against Mutual Benefit Life Insurance Company ("Mutual"). The trustee seeks an order directing Mutual to turnover to the estate the cash surrender value of two life insurance policies, alleged to have values of $2,637.45 and $1,812.38 respectively. Mutual is currently in rehabilitation and is being operated under the auspices of the State of New Jersey pursuant to the Uniform Insurers Liquidation Act N.J.Stat. Ann. §§ 17B: 32–1 *et seq.* (West 1992) [ ("the Uniform Act") ].

Mutual has moved pursuant to Federal Rule of Bankruptcy Procedure 7012, incorporating Federal Rule of Civil Procedure 12(b), to dismiss or stay this adversary proceeding under the principle of abstention codified at 28 U.S.C. § 1334(c)(1). Mutual contends that the restraints ordered by the Superior Court of New Jersey in connection with its rehabilitation give this *court cause to grant its motion in the interest of comity with state court actions.*

### FACTUAL BACKGROUND

On February 20, 1992, an involuntary petition was filed against Philips under Chapter 7 of the Bankruptcy Code. An order for relief was entered on March 23, 1992 pursuant to 11 U.S.C. § 303(h).

On July 16, 1991, a Consent Order To Show Cause With Temporary Restraints ("Consent Order") was filed in the Superior Court of New Jersey, Chancery Division, Mercer County. The Consent Order provided in paragraph 7:

> All ... policyholders ... of Mutual Benefit ... are hereby enjoined and restrained from:
>
> . . . .
>
> b. bringing, maintaining or further prosecuting any action at law, suit in equity, special or other proceeding against Mutual Benefit, its estate in receivership or against the Commissioner and his successors in office, as Rehabilitator thereof, or against the Deputy Rehabilitator. . . .

*Defendant's Memorandum of Law in Support of Motion to Dismiss or Stay Proceeding* at 2 (quoting *Consent Order,* at ¶ 7). It provided in paragraph 15:

> "Restraints are hereby imposed on ... payment of cash surrender values ... pending the further order of this court. . . ."

*Id.* (quoting *Consent Order,* at ¶ 15). The foregoing restraints remain in full force and effect.

Mutual contends that the Consent Order is entitled to full faith and credit, and that this court should dismiss this adversary proceeding or abstain from deciding it until the rehabilitation pending in the New Jersey State court is complete. The trustee

argues that federal bankruptcy law supersedes state law, and that therefore this court should hear this adversary proceeding without regard to the state interests. As this decision determines whether or not abstention under 28 U.S.C. § 1334(c)(1) is appropriate, this court does not reach the merits of the trustee's complaint at this time.

## DISCUSSION

Section 1334(c)(1) permits abstention in the interest of justice, comity with State courts, or respect for State laws. Section 1334(c)(1) provides:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect of State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

■ In *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), the United States Supreme Court articulated circumstances under which a federal court should abstain from deciding a case involving state interests. Under the *Burford* Abstention Doctrine, where a state has created a regulatory scheme, abstention is appropriate to enable a federal court to avoid interfering with that policy.

As read in subsequent cases, *Burford* stands for the proposition that where a state creates a complex regulatory scheme, supervised by the state courts and central to state interests, abstention will be appropriate if federal jurisdiction deals primarily with state law issues and will disrupt a state's efforts "to establish a coherent policy with respect to a matter of substantial public concern."

*Lac D'Amiante du Quebec, Ltee. v. American Home Assurance Co.*, 864 F.2d 1033, 1043 (3d Cir.1988) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976)). *See also New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361, 109 S.Ct. 2506, 2514, 105 L.Ed.2d 298 (1989) (Supreme Court summarized circumstances where *Burford* abstention appropriate).

■ The Seventh Circuit has enunciated four factors federal courts should weigh in determining whether or not abstention is appropriate where the dispute involves an insurance company. The court should consider (1) whether the suit is based on a cause of action that is exclusively federal; (2) whether difficult or unusual state laws are at issue; (3) whether the suit requires the court to determine issues that are directly relevant to state policy in the regulation of the insurance industry; and (4) whether state procedures indicate a desire to create special state forums to regulate and adjudicate these issues. *Hartford Casualty Ins. Co. v. Borg–Warner Corp.*, 913 F.2d 419, 425 (7th Cir.1990).

In a recent case involving Mutual and the same Consent Order at issue here, a United States District Court in Illinois applied the *Burford* Doctrine to Mutual's insurance rehabilitation and abstained from deciding the case. *Mondrus v. Mutual Benefit Life Insurance Co.*, 775 F.Supp. 1155 (N.D.Ill. 1991). The court considered the special state forum which has been created in New Jersey for insurance companies:

The McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015, specifically authorizes the states to continue serving their traditional role as the preeminent regulators of the insurance industry. Under this regulatory authority, most states, including New Jersey, have adopted complex and comprehensive schemes to govern the rehabilitation and liquidation of insolvent insurers. The New Jersey regulation entails the very type of "partnership" between the New Jersey state courts and the Commissioner of Insurance as discussed in *Burford*. The New Jersey courts issue the orders of rehabilitation, enjoin suits against the rehabilitator (*i.e.* the Commissioner of Insurance) to protect the proceedings, and oversee the assessment of claims against the insurer's estate.

*Id.* at 1158.

■ Abstention under the *Burford* Doctrine is appropriate under the facts of this

case. The defendant, an insurance company operating under the guidelines of the Uniform Act, N.J.Stat.Ann. § 17B, is in the process of rehabilitating itself in New Jersey Superior Court. In accordance with the analysis in *Mondrus,* an exercise of federal court jurisdiction in this proceeding would be destructive to the state's regulatory scheme.

The trustee, in his argument objecting to abstention in this proceeding, relies on *In re JCC Capital Corp.,* 147 B.R. 349 (Bankr.S.D.N.Y.1992). *JCC* was a malpractice action brought on behalf of the debtor against certain California law firms which required interpretation of California law. The defendants moved to dismiss the adversary proceeding under 28 U.S.C. § 1334(c). In denying the defendants' motion for permissive abstention this court stated,

> [P]erhaps most importantly, there is no state court action pending at this time between these two parties. Consequently, the exercise of discretionary abstention would result in dismissal of this action and require the debtor to commence a new action.

*Id.* at 355. Because abstention here will merely shift the proceeding to an action pending in the New Jersey state court forum, the trustee's reliance on *JCC Capital* is unpersuasive.

In *Curiale v. Amberco Brokers Ltd.,* 766 F.Supp. 171 (S.D.N.Y.1991), although the court did not abstain under the *Burford* Doctrine, the court was instructive with respect to such abstention under factual circumstances applicable in the instant adversary proceeding.

> Had this case been brought against the insolvent insurer, or filed by the Liquidator in state court and removed to federal court, and had the Liquidator requested abstention, this Court would have no hesitation in granting that request, based on the weight of authority. The validity of defendants' rescission argument constitutes a significant and unsettled question of New York law that is potentially dispositive of this action and

many other claims brought by the Superintendent on behalf of insolvent insurers.

*Id.* at 175.

The Second Circuit has stated that, in cases involving challenges to actions taken by state liquidators seeking to dispose of the assets of insolvent insurance companies, all claims brought against a single fund or pool of assets of an insolvent insurance company should be heard in a single forum. *Levy v. Lewis,* 635 F.2d 960 (2d Cir.1980).

> These special circumstances include not only the need for unified proceedings for disposing of the assets of a single fund, but the federal policy, noted above, expressed in the McCarran–Ferguson Act of leaving the regulation of insurance companies to the individual states.

*Id.* at 966.

In light of the above factors, as well as the recent decision in *Mondrus, Burford* abstention is warranted in this case. This case involves questions of contract interpretation which are governed exclusively by state law. More significantly, the regulation of the insurance industry is an area of substantial public concern to the states and the New Jersey state legislature has enacted the Uniform Act to carry out those policies.

■ The fact that the plaintiff is a trustee in a bankruptcy case does not by itself warrant invoking the doctrine of federal supremacy to deny the defendant's motion to dismiss. The trustee in bankruptcy in this case is not exercising any avoiding powers authorized under the Bankruptcy Code. Nor is he recapturing any property that was previously in the possession of the debtor or the estate which was withdrawn from the estate by Mutual. The trustee in this case occupies no stronger position against Mutual under the Uniform Act than does any other claimant in the state court rehabilitation proceeding involving Mutual.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28

U.S.C. §§ 1334 and 157(a). This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) & (E).

2. The defendant's motion to dismiss the adversary complaint pursuant to 28 U.S.C. § 1334(c)(1) is granted. Dismissal of this adversary complaint based on discretionary abstention is appropriate under the *Burford* doctrine.

SETTLE ORDER on notice in accordance with the foregoing.